WILLIAM RICHARDS, trustee for SARAH SHERON, wife of JAMES SHERON.

*vs.*

JOSEPH SEAL, administrator, c. t. a. of RACHEL SEAL, deceased, and SAMUEL N. PUSEY, administrator of JOSHUA T. SEAL, deceased.

*New Castle, Feb. T.* 1861.

Mere negligence of a trustee, as well as his active default, may be a breach of trust.

Ignorance of the act or default of a co-trustee is no excuse, if that ignorance results from neglect.

An investment of a trust fund having been made by trustees, one of them without the knowledge of his co-trustee, collected the fund and held it until his death without re-investment. *Held,* that the co-trustee, who had given no attention to the fund after its original investment, was liable.

BILL IN EQUITY FOR BREACH OF TRUST.—Rachel Seal, Joshua T. Seal and Edward Grubb, being executors of the will of William Seal deceased, were also trustees under the will of a legacy of $3400 bequeathed to Sarah Sheron. By their testamentary account, passed March 14th, 1823, they credited themselves with the amount of this legacy as so much of the assets held by them as trustees. Four hundred dollars of this legacy was invested in a bond and mortgage of Joseph Bancroft, and was afterward (July 19th 1845,) collected by Joshua T. Seal, as one of the trustees. He never re-invested this sum, but continued to hold it until his death in November, 1856, paying interest on it regularly to Mrs. Sheron. Edward Grubb, one of the trustees, died before Joshua T. Seal collected the money. Rachel Seal survived Joshua and died September 18th, 1857. William Richards, the complainant, was, after the death of all the trustees, appointed a trustee for Mrs. Sheron, and filed this bill, seeking to charge the estate of Joshua T. Seal *and also the estate of Rachel Seal,* with the trust fund of $400, with interest from January 1st, 1856, the last date to which it had been paid.

The answer contested the liability of the estate of Rachel Seal, alleging that she was wholly ignorant that Joshua T. Seal had collected the Bancroft bond and mortgage, and submitting that the money having been duly invested she was not bound for the act of her co-trustee in collecting it; in which act she had no participation but, on the contrary, was ignorant of it.

The cause came before the Chancellor at the Feb. T., 1861, and was heard, by consent, upon the bill and answer.

*D. M. Bates*, for the complainant.

It may be conceded, as claimed for the defence, that a trustee is liable only for his own breach of trust, and not for the act of his co-trustee. *Willis on Trustees*, 173, (10 *Law Lib.*) But a breach of trust may consist as well in mere negligence as in active default; and this we charge against Mrs. Seal, that in part through her own neglect of duty the trust fund has been lost. The trust was one for continued investment during the life of Mrs. Sheron, the interest to be paid to her for life. The safety of the investment and due payment of interest was the duty of *all* the trustees equally. When, therefore, Joshua T. Seal collected the Bancroft bond and mortgage it became the duty of *all* the trustees to see to its re-investment. This Mrs. Seal failed to do. From the time of its first investment (Dec. 13th 1843) she gave no further attention to the fund. Her ignorance of the fact that Joshua T. Seal had called it in affords no excuse; for the fact appeared by his satisfaction of the record, and she could have known, and as co-trustee was bound to know the condition of the fund. Ignorance of the act or default of a co-trustee is held not to be an excuse where such ignorance results from neglect. *Willis on Trustees*, 196 : (10 *Law Lib.*;) 2 *Sto. Eq. Jur. sec.* 1283, 1275 ; *Hill on Trustees* 310 ; 8 *Price Exch. Rep.* 127 ; 7 *Gill & Johns* 167.

*T. F. Bayard*, for the defendants.

Co-trustees are not liable for the acts of each other unless they are participants in the breach of trust, or on the ground of consent to fraud. The mere ignorance of Mrs. Seal as to the misconduct of Joshua does not charge her. Actual or tacit connivance must appear to charge a co-trustee. *Hill on Trustees* 443, *Am. notes* : 3 *Lead. Cas. in Eq.* part II, pp 468, 9—470, 1 ; *Sto. Eq. Jur. sec.* 1280, 1, 2,

3. It is not pretended that Mrs. Seal knew that Joshua had collected this investment. She was a non-acting trustee ; and, having seen the fund originally properly invested, she cannot be charged for the act of a co-trustee in disturbing the investment without proof of co-operation or connivance. Besides, the collection of the Bancroft mortgage and satisfaction of the record by Joshua T. Seal *alone* did not discharge the mortgage. He could not have sued for the money without his co-trustee, and therefore could not alone discharge the mortgage.

THE CHANCELLOR, after holding the case under advisement, considered that the ignorance of Mrs. Seal was no defence, it being the result of her negligence, which of itself was a breach of trust, and that she was chargeable with a loss which her diligence might have prevented. He, therefore, granted a decree charging her estate, as well as Joshua T. Seal's, with the trust fund and its interest.